UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY LEE MASON,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No. 2:20-cv-02187-TLN-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding through counsel in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition on the basis that it is barred by the statute of limitations. ECF No. 9. The motion has been fully briefed. See ECF Nos. 14, 18. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

**I.     Factual and Procedural History**

Following a jury trial in the Sacramento County Superior Court, petitioner was convicted of first-degree felony murder; assault with a deadly weapon; first-degree burglary; and, first-degree robbery. ECF No. 13-2 at 2 (Direct Appeal Opinion). Special circumstances as to the murder count and firearms enhancements as to each count were also found true by the jury. ECF No. 13-2 at 2. On March 14, 2008, petitioner was sentenced to life without parole plus a

1   consecutive ten-year determinate term. ECF No. 13-1 at 1-2 (Abstract of Judgment).

2   On direct appeal, petitioner raised several evidentiary challenges and, as relevant here,
3   argued that there was insufficient evidence that he acted with reckless indifference to human life
4   justifying the special circumstance finding that led to the imposition of life without parole. ECF
5   No. 13-2 at 4. The California Court of Appeal affirmed petitioner's conviction on June 8, 2010.
6   See ECF No. 13-2 (direct appeal opinion).

7   Petitioner filed his petition for review in the California Supreme Court on July 12, 2010.
8   ECF No. 13-3. He raised the same sufficiency challenge to the special circumstance finding that
9   he acted with reckless indifference to human life. ECF No. 13-3 at 36-45. It was denied on
10  September 29, 2010. ECF No. 13-4 (California Supreme Court docket sheet).

11  The next legal challenge to petitioner's conviction was not filed until June 20, 2019 in the
12  Sacramento County Superior Court. ECF No. 13-5. Petitioner filed a state habeas petition as
13  well as a petition for resentencing pursuant to California Penal Code § 1170.95. ECF No. 13-5.
14  This petition was filed by counsel. Id. Petitioner raised three claims for relief. Id. First, he
15  asserted that his sentence of life without the possibility of parole violated due process because
16  there was insufficient evidence that he was a major participant in the murder and acted with
17  reckless indifference to human life. Id. at 16-25. Next, petitioner argued that his first-degree
18  murder conviction should be reduced to second-degree murder pursuant to People v. Chui, 59
19  Cal.4th 155 (2016). Id. at 1. Lastly, petitioner contended that he could not be found guilty of
20  first or second-degree murder under the current law. Id. at 25. The Sacramento County Superior
21  Court denied the habeas petition on August 22, 2019 specifically finding that petitioner's
22  challenge to the robbery-murder special circumstance was untimely filed. ECF No. 13-6 at 3-4
23  (emphasizing that the claim was raised "three years after Banks and People v. Clark were
24  decided."). It dismissed the resentencing petition pursuant to California Penal Code § 1170.95 on
25  September 26, 2019. ECF No. 13-7.

26  Petitioner filed a counseled habeas corpus petition in the California Court of Appeal on
27  November 12, 2019. ECF No. 13-8. Once again this petition challenged the sufficiency of the
28  evidence supporting the jury's verdict that petitioner was a major participant in the murder who

2

1  acted with reckless indifference to human life.  ECF No. 13-8 at 32-45.  It was denied on March
2  20, 2020.  ECF No. 13-9.

3  Counsel for petitioner also filed a petition for review in the California Supreme Court on
4  March 28, 2020.  ECF No. 13-10.  It was denied on April 29, 2020.  ECF No. 13-11.

5  The instant habeas corpus petition was filed through counsel on October 30, 2020.  ECF
6  No. 1.  In his first claim for relief, petitioner asserts that the state court unreasonably applied
7  Supreme Court precedent in determining that there was sufficient evidence to support the jury's
8  special circumstance finding.  ECF No. 1 at 4-12.  Later, in a supporting memorandum, petitioner
9  contends that the state court's decision was also an unreasonable determination of the facts in
10 light of the evidence presented.  ECF No. 1 at 8-14.  Petitioner argues that the one-year statute of
11 limitations started only after the California Supreme Court denied his petition for review of his
12 state habeas denial on April 29, 2020.  See ECF No. 1-1 at 7.  Therefore, according to this
13 analysis, petitioner had "one year from that date, until April 28, 2021, to file his habeas petition in
14 federal court."  Id.  (citing 28 U.S.C. § 2244(d)(1)(D)).

15 **II.    Motion to Dismiss**

16 On January 4, 2021, respondent filed a motion to dismiss petitioner's federal habeas
17 application on the ground that it was filed beyond the one-year statute of limitations.  ECF No. 9.
18 Respondent calculates that the statute of limitations started on December 29, 2010 following the
19 expiration of time to file a petition for writ of certiorari in the Supreme Court.  ECF No. 9 at 3.  It
20 expired one year later on December 28, 2011 absent any statutory or equitable tolling.  ECF No. 9
21 at 3.  Respondent further asserts that petitioner is not entitled to any statutory tolling because all
22 of petitioner's state habeas applications were filed after the statute of limitations expired.  Id. at 3-
23 4 (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)).  By respondent's calculation,
24 the pending § 2254 petition was filed over eights years late.  ECF No. 9 at 4.  To the extent that
25 petitioner requested an alternative start date of the statute of limitations, respondent asserts that
26 the factual predicate of his only federal claim was known by at least the time of his direct appeal.
27 ECF No. 9 at 4 (citing Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001)).  Recent state
28 court decisions or changes to the California Penal Code do not provide an alternative start date of

the statute of limitations because they do not provide a "factual predicate" for petitioner's federal claim for relief. ECF No. 9 at 5 (citing Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005)).

By way of opposition to the motion to dismiss, petitioner requests an alternative start date of the statute of limitations based on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." ECF No. 14 at 3 (citing 28 U.S.C. § 2244(d)(1)(D)). Petitioner asserts that this "factual predicate" supporting his claim for relief was discovered on January 1, 2019, the effective date of Senate Bill 1437 authorizing resentencing petitions for those convicted of first or second-degree murder who were not "the actual killer, did not act with the intent to kill, or w[ere] not a major participant in the underlying felony who acted with reckless indifference to human life." ECF No. 14 at 3-4. By using this alternative start date, petitioner is also entitled to statutory tolling during the pendency of his state habeas corpus petitions filed in 2019 and 2020. ECF No. 14 at 4. According to petitioner's calculation, the § 2254 application was timely filed.

In his reply, respondent counters that "California Penal Code § 1170.95 is not the factual (or legal) basis for his only federal claim that there was insufficient evidence for the jury to find he was a major participant." ECF No. 18 at 1. Therefore, it cannot form the basis for an alternative start date of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). ECF No. 18 a 2. Respondent points out that the courts use an objective standard for determining when the factual predicate of a claim "could have been discovered through the exercise of due diligence" and not when it was subjectively discovered. ECF No. 18 at 2 (quoting Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012)). Petitioner has been relying on the same factual predicate to support his sufficiency challenge to the jury's special circumstance finding since his direct appeal began in 2008. See ECF Nos. 13-2, 13-3. In the end, "[p]etitioner's renewed desire (prompted by the passage of SB 1437) to seek relief on an old claim does not affect the calculation of the federal statute of limitations." ECF No. 18 at 3.

/////

/////

4

### III. Legal Standards

### A. Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the

existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

**I.     Analysis**

In the instant case, petitioner's conviction became final by the conclusion of his direct appeal on December 28, 2010 following the expiration of time to file a petition for certiorari in the Supreme Court.[1] See 28 U.S.C. § 2244(d)(1)(A) (noting that the statute of limitations commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The federal statute of limitations commenced the next day and expired one year later on **December 28, 2011** absent any statutory or equitable tolling. Petitioner's first state habeas petition was not filed until June 20, 2019. Thus, petitioner is not entitled to any statutory tolling during the pendency of his state habeas petitions because they were filed after the statute of limitations expired. See Ferguson v. Palmateer, 321 F.3d at 823. Absent equitable tolling,

---

[1] The court rejects petitioner's argument that his conviction did not become final until April 29, 2020, the date the California Supreme Court rejected his petition for review of the denial of his state habeas petition. It is based on a complete misreading of the statute of limitations and the court finds it unnecessary to address this fallacious argument. See 28 U.S.C. § 2244(d)(1)(A).

petitioner's § 2254 petition, which was filed on October 30, 2020, was over eight years late.[2]

Although equitable tolling of the statute of limitations is also available, petitioner does not request it.  Instead, petitioner requests an alternate start date of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D).  See ECF No. 1-1 at 7.  This statute permits the statute of limitations to start from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); In this case, petitioner's only claim for relief is based on a sufficiency challenge to the evidence supporting the jury's special circumstance finding that he acted with reckless indifference to human life.  It is not based on any newly discovered evidence that would warrant applying an alternate start date of the statute of limitations.  Compare Quezada v. Scribner, 611 F.3d 1165, 1167-68 (9th Cir. 2010) (applying an alternate start date of the statute of limitations to petitioner's Brady claim that the government withheld evidence of money paid to a government witness because petitioner "exercise[d] reasonable diligence yet was unable to acquire this information earlier.").  Petitioner's sufficiency challenge was raised by petitioner on direct appeal.  While petitioner may try to moor this claim to the recent enactment of Senate Bill 1437, the factual predicate underpinning his claim remains the same.  Accordingly, petitioner is not entitled to an alternate start date of the statute of limitations.  See Ford v. Gonzalez, 683 F.3d 1230 (9th Cir. 2012) (emphasizing that "[t]he "due diligence" clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").  As respondent correctly points out, the availability of a new procedural pathway for challenging first and second-degree murder convictions is just that, a new state remedy.  It does not provide an alternative basis for starting the federal statute of limitations.  Therefore, the undersigned recommends dismissing petitioner's § 2254 application with prejudice as barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted.

---

[2] Because petitioner's state and federal habeas petitions were all filed by counsel, the court has not applied the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

     2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2021

    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

12/maso2187.f&r.sol.docx